UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SITANI,<br>Petitioner,<br><br>v.<br><br>RIVERA, *et al.*,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER REGARDING [1] PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Case No. 2:26-cv-00410-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Cecilia M. Romoero |

Before the court is pro se Petitioner Loni Sam Sitani's (Mr. Sitani) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) (ECF 1 at 3). Although Mr. Sitani filed his Petition pursuant to 28 U.S.C. § 2241 (ECF 1 at 3 ("This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241")), his claims more appropriately fall under 28 U.S.C. § 2255. For this reason, the court[1] gives notice to Mr. Sitani that it intends to construe his Petition as a § 2255 petition—unless Mr. Sitani files an objection to this characterization by November 13, 2026. Mr. Sitani may also supplement or withdraw his Petition by that date, if he chooses.

## I. BACKGROUND

The Petition appears to concern two of Mr. Sitani's cases. The first case is described as a "parentage action" in the Third Judicial District Court, Case No. 244903252 (the Parentage Case) (ECF 1 at 11). The second case is a criminal matter in which Mr. Sitani was charged with Custodial Interference in the Midvale Justice Court, Case No. 261000097 (the Custodial Interference Case) (ECF 1 at 15).

Regarding the Parentage Case, the Petition indicates that "[o]n June 20, 2024, Sicilia

[1] District Judge Howard C. Nielson, Jr. referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B) (ECF 5).

Laisyut Burrell [Ms. Burrell] filed a Notice of Voluntary Dismissal in Case No. 244903252 under Utah Rule of Civil Procedure 41(a)(1)" (ECF 1 at 10). Mr. Sitani asserts that "[t]he dismissal was self-executing and terminated the parentage action in its entirety by operation of law upon filing" (*id.*). The Petition further asserts that "[o]n August 2, 2024, after the dismissal and without leave of court, Ms. Burrell filed an Amended Verified Parentage Petition," which the court accepted (*id.* at 11). Mr. Sitani filed a motion asserting that the court lacked subject matter jurisdiction in light of the Notice of Voluntary Dismissal, but Commissioner Kim M. Luhn denied the motion on October 7, 2025 (*see id.* at 12). The Petition further asserts that the court also never obtained personal jurisdiction over Mr. Sitani (*id.* at 10–11).

Regarding the Custodial Interference Case, liberally construing the Petition, it appears that Mr. Sitani asserts that because the court lacked jurisdiction in the Parentage Case, his custodial interference charges rest on an invalid custody order, which is an essential element of custodial interference under Utah Code Ann. § 76-5-303 (*see id.* at 15–16).

Accordingly, Mr. Sitani filed this Petition pursuant to 28 U.S.C. § 2241 (ECF 1 at 3). The Petition seeks various forms of relief, but most relevant is Mr. Sitani's request that the court enter the following orders: (1) an order declaring that the Third Judicial District Court lacked subject matter jurisdiction in the Parentage Case; and (2) an order that the pending custodial interference charges are constitutionally defective (*see* ECF 1 at 21).

## II. ANALYSIS

Habeas corpus petitions brought under § 2241 differ from those brought under § 2255. A prisoner's challenge to the *execution* of a sentence is properly brought under § 2241. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). However, a prisoner must challenge the *legality* of his commitment under § 2255. *Id.* In other words, petitions under § 2241 "do[] not oppose the sentence

or conviction itself," *Watson v. McCollum*, 772 F. App'x 675, 678 (10th Cir. 2019) (internal quotation marks omitted), whereas petitions under § 2255 "attack the validity of a conviction and sentence," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The only circumstance in which a prisoner may challenge his conviction under § 2241 is when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). But failure to obtain relief under § 2255 does not mean it is an inadequate or ineffective remedy. *Lester v. United States*, 668 F. App'x 334, 335 (10th Cir. 2016).

**A. Construing Mr. Sitani's Petition as a Section 2255 Motion**

Mr. Sitani styles his Petition as a § 2241 petition. But his Petition collaterally attacks the validity of the rulings in the Parentage and Custodial Interference Cases. Mr. Sitani does not argue, for example, that the holdings in these cases are legitimate but that he should be held elsewhere or treated differently. Instead, Mr. Sitani argues that the court in his Parentage Case lacked jurisdiction, and that his pending criminal charges are invalid because an essential element of his custodial-interference charge is not met. These arguments challenge the validity of court orders. Because of this, the court intends to characterize his Petition as a § 2255 petition.

The ability to file a § 2255 claim is strictly limited. For instance, petitions must generally be filed within one year of the date of the judgment. 28 U.S.C. § 2255(f). Second or successive petitions are also strictly limited. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b); *see also Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005). Given the severe consequences a decision on a § 2255 petition can have on future petitions, courts must give pro se petitioners notice before characterizing a pleading as a § 2255 petition. *Davis*, 425 F.3d at 834–35. Specifically, the court must (1) "notify the *pro se* litigant that it intends to recharacterize the pleading"; (2) "warn the

litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions"; and (3) give "the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 835 (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)).

Based on these requirements, the court gives Mr. Sitani notice of its intent to recharacterize the Petition and an opportunity to supplement or withdraw it.

## III. CONCLUSION AND ORDER

For the reasons set forth above, the court ORDERS:

1. If Mr. Sitani does *not* want the court to recharacterize his Petition under § 2255, and if he wants to withdraw his Petition, he must file a document with the court stating this by **November 13, 2026**.
2. If Mr. Sitani wants the court to recharacterize his Petition under § 2255 and wants to supplement his Petition to include all his possible claims under § 2255, he must file any such supplemental information with the court by **November 13, 2026**.
3. If Mr. Sitani does *not* want the court to recharacterize his Petition under § 2255 and wants to supplement his Petition to argue why a § 2255 petition is ineffective or inadequate to address the legality of his conviction, he must file any such supplemental information with the court by **November 13, 2026.**

IT IS SO ORDERED.

DATED this 16 October 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah